UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 2:20-CV-617

MA ADRIANA SOTO GUEVARA,

    Plaintiff,

vs.

GARGIULO, INC.,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Ma Adriana Soto Guevara, sues Defendant, Gargiulo, Inc., based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Ma Adriana Soto Guevara**, is a *sui juris* resident of Broward County, Florida, who is over 18 years old.

2.     Plaintiff consents to participate in this lawsuit.

3.     **Defendant, Gargiulo, Inc.**, is a foreign (Delaware) corporation that has been at all times material hereto registered to do business in the State of Florida. It has been at all times material authorized to and it actually conducted its business in Collier County, Florida, at all times material.

4.     This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 29 U.S.C. §826.150, and 26 U.S.C. §201, *et seq*.

5.     Venue is proper in this Court pursuant because Defendant transacts business in Collier County, maintains its business in Collier County, and also because Defendant employed

Plaintiff in Collier County, with most of the actions complained of occurring within Collier County.

6. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – VIOLATION OF EPSLA
### (FAILURE TO PAY FOR SICK LEAVE)

Plaintiff, Ma Adriana Soto Guevara, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

8. Plaintiff worked for Defendant at least 30 calendar days prior to her EPSLA leave should have begun, but for Defendant's unlawful actions, and so she was eligible for EPSLA leave.

9. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

10. The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 2, 2020, and it requires all covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. 29 C.F.R. §826.20.

11. One of the relevant provisions of the EPSLA is that the employee be required to care for a child whose school or place of care is closed, or for whom childcare is unavailable, because of COVID-19. 29 C.F.R. §82.20.

12. Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

13. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as the term is defined at 29 C.F.R. §826.10.

14. Defendant, Gargiulo, Inc., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

15. Defendant, Gargiulo, Inc., was at all times material hereto either engaged in commerce, or in an industry or activity affecting commerce that employed less than 500 employees.

16. Plaintiff was at all times material hereto the primary caretaker for her child.

17. Plaintiff was required to care for her children, whose school and daycare were unavailable for reasons related to COVID–19. *See* 29 C.F.R. §826.20(a)(1)(v).

18. No other suitable person was available to care for Plaintiff's children.

19. Plaintiff requested that Defendant accommodate her by allowing her to stay home to care for her children on or about May 3, 2020 due the unavailability of the school and child care resulting from COVID-19.

20. Defendant responded by refusing to accommodate Plaintiff, by denying her request to care for her children, and by refusing to provide Plaintiff with paid leave, despite the requirements imposed by the EPSLA.

21. Plaintiff could not have foreseen of the need to be absent from work to care for her children due to the circumstances set forth above, and Defendant prevented her from providing any information about the names of her children she needed to care for and/or the name of the school and child care program who were caring for her children as a result of its terminating her employment before she could provide it with the information.

22. As a direct and proximate result of Defendants' violation(s) of the EPSLA, as set

3

forth above, Plaintiff is entitled to payment of her "average regular rate" of pay for the two-weeks during which she was required to care for her child pursuant to 29 C.F.R. §§826.25 and 826.25.

23. Pursuant to 29 C.F.R. §826.150, Plaintiff seeks recovery of the wages that she would have been entitled to pursuant to the EPSLA, plus an equal amount of liquidated damages, plus her attorneys' fees and costs.

WHEREFORE Plaintiff, Ma Adriana Soto Guevara, demands the entry of a judgment in her favor and against Defendants, Gargiulo, Inc. and Antonio Cupelli, jointly and severally after trial by jury and as follows:

    a.    That Plaintiff recover compensatory sick wage damages and benefits, plus an equal amount of liquidated damages as provided under the law, in 29 C.F.R. §826.150 and in 29 U.S.C. § 216(b) – or interest on the unpaid wages and benefits if no liquidated damages are awarded;

    b.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EPSLA and the FLSA;

    c.    That Plaintiff recover all interest allowed by law;

    d.    That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage / sick leave pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    e.    Such other and further relief as the Court deems just and proper.

## **COUNT II – VIOLATION OF EPSLA**
## **(UNLAWFUL DISCHARGE)**

Plaintiff, Ma Adriana Soto Guevara, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

4

24. Plaintiff worked for Defendant at least 30 calendar days prior to her EPSLA leave should have begun, but for Defendant's unlawful actions, and so she was eligible for EPSLA leave.

25. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

26. The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 2, 2020, and it requires covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. FFCRA §5102, 5110(2).

27. One of the relevant provisions of the EPSLA is that the employee be required to care for a child whose school or place of care is closed, or for whom childcare is unavailable, because of COVID-19. FFCRA §5102(a).

28. Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

29. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as the term is defined at 29 C.F.R. §826.10.

30. Defendant, Gargiulo, Inc., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

31. Defendant, Gargiulo, Inc., was at all times material hereto either engaged in commerce, or in an industry or activity affecting commerce that employed less than 500 employees.

32. Plaintiff was at all times material hereto the primary caretaker for her child.

33. Plaintiff was required to care for her children, whose school and daycare were unavailable for reasons related to COVID–19. *See* 29 C.F.R. §826.20(a)(1)(v).

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

34. No other suitable person was available to care for Plaintiff's children.

35. Plaintiff requested that Defendant accommodate her by allowing her to stay home to care for her children on or about May 3, 2020 due the unavailability of the school and child care resulting from COVID-19.

36. Defendant responded by terminating Plaintiff's employment.

37. Plaintiff could not have foreseen of the need to be absent from work to care for her children due to the circumstances set forth above, and Defendant prevented her from providing any information about the names of her children she needed to care for and/or the name of the school and child care program who were caring for her children as a result of its terminating her employment before she could provide it with the information.

38. As a direct and proximate result of Defendants' violation(s) of the EPSLA, as set forth above, Plaintiff suffered the loss of her job, her identity, and suffered emotional distress as a result of Defendants' retaliatory conduct.

39. Pursuant to 29 C.F.R. §826.150(2), Plaintiff seeks recovery of the wages that he would have been entitled to pursuant to the EPSLA, the emotional distress and actual damages that he suffered, plus an equal amount of liquidated damages, plus her attorneys' fees and costs.

WHEREFORE Plaintiff, Ma Adriana Soto Guevara, demands the entry of a judgment in her favor and against Defendants, Gargiulo, Inc. and Antonio Cupelli, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, lost benefits, future lost wages and benefits, and an equal amount of liquidated damages as provided under the law and in 29 C.F.R. §826.150(b)(2) and 29 U.S.C.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

§ 216(b) – or interest on the unpaid wages and benefits if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all damages if the Court does not award liquidated damages;

c. That Plaintiff recover for the mental anguish and distress caused by Defendants' retaliatory conduct;

d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EPSLA and the FLSA;

e. That Plaintiff recover all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

## COUNT III – EFMLEA VIOLATION(S)

Plaintiff, Ma Adriana Soto Guevara, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

40. Plaintiff worked for Defendant at least 30 calendar days prior to her EFMLEA leave should have begun, but for Defendant's unlawful actions, and so she was eligible for EFMLEA leave.

41. Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the Emergency Family Medical Leave Expansion Act ("EFMLEA") at 29 C.F.R. §826.10(a).

42. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EFMLEA.

43. Defendant, Gargiulo, Inc., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

44. Defendant, Gargiulo, Inc., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

45. The EFMLEA went into effect on April 2, 2020, and it provides in relevant part as follows:

> **(b) *Qualifying reason for Expanded Family and Medical Leave*.** An Eligible Employee may take Expanded Family and Medical Leave because he or she is unable to work due to a need to care for his or her Son or Daughter whose School or Place of Care has been closed, or whose Child Care Provider is unavailable, for reasons related to COVID-19. An Eligible Employee has need to take Expanded Family and Medical Leave for the purposes of this paragraph (b) only if no suitable person is available to care for his or her Son or Daughter during the period of such leave.

29 C.F.R. §826.20.

46. Plaintiff was at all times material hereto the primary caretaker for her child.

47. Plaintiff was required to care for her children, whose school and daycare were unavailable for reasons related to COVID–19. *See* 29 C.F.R. §826.20(a)(1)(v).

48. No other suitable person was available to care for Plaintiff's children.

49. Plaintiff requested that Defendant accommodate her by allowing her to stay home to care for her children on or about May 3, 2020 due the unavailability of the school and child care resulting from COVID-19.

50. Defendant responded by terminating Plaintiff's employment.

51. Plaintiff could not have foreseen of the need to be absent from work to care for her children due to the circumstances set forth above, and Defendant prevented her from providing any information about the names of her children she needed to care for and/or the name of the school and child care program who were caring for her children as a result of its terminating her employment before she could provide it with the information.

52. As a direct and proximate result of Defendants' violation(s) of the EPSLA, as set

forth above, Plaintiff suffered the loss of her job, her identity, and suffered emotional distress as a result of Defendants' retaliatory conduct.

53.     Pursuant to 29 C.F.R. §826.150(2), Plaintiff seeks recovery of the wages that he would have been entitled to pursuant to the EPSLA, the emotional distress and actual damages that he suffered, plus an equal amount of liquidated damages, plus her attorneys' fees and costs.

WHEREFORE Plaintiff, Ma Adriana Soto Guevara, demands the entry of a judgment in her favor and against Defendants, Gargiulo, Inc. and Antonio Cupelli, jointly and severally after trial by jury and as follows:

   a.  That Plaintiff recover compensatory damages for lost wages, salary, employment benefits, and/or other compensation denied or lost to such her and liquidated damages of an equal amount as provided under the law and in 29 C.F.R. §826.151(b) and 29 U.S.C. § 2617;
   b.  That Plaintiff receive equitable relief including reinstatement;
   c.  That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EFMLEA and the FLSA;
   d.  That Plaintiff recover all interest allowed by law; and
   e.  Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ma Adriana Soto Guevara, demands a trial by jury of all issues so triable.

Respectfully submitted this 19th day of August 2020.

                                                Brian H. Pollock, Esq.
                                                Brian H. Pollock, Esq. (174742)
                                                brian@fairlawattorney.com
                                                FAIRLAW FIRM
                                                7300 N. Kendall Drive
                                                Suite 450
                                                Miami, FL 33156
                                                Tel:    305.230.4884
                                                *Counsel for Plaintiff*